IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**FRATERNITY COLLECTION, LLC**                                                    **PLAINTIFF**

V.                                                                        CAUSE NO. 3:13-CV-664-CWR-FKB

**ELISE FARGNOLI,** *d/b/a*                                                            **DEFENDANT**
**FRANCESCA JOY**

## ORDER

Before the Court is the plaintiff's motion for declaratory judgment. Docket No. 37. After reviewing the evidence, arguments, and the law, the motion will be denied.

The parties' factual allegations have been recited in a prior order and need not be repeated here. Docket No. 62. In this motion, Fraternity Collection requests a declaration that its sorority-themed line of pocket designs does not infringe upon Elise Fargnoli's sorority-themed line of pocket designs.

> To determine whether an instance of copying is legally actionable, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as substantially similar. Although this question typically should be left to the factfinder, summary judgment may be appropriate if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, that no reasonable juror could find substantial similarity of ideas and expression.

*Peel & Co. v. The Rug Mkt.*, 238 F.3d 391, 395 (5th Cir. 2001) (quotation marks and citations omitted). "Under the ordinary observer or audience test used in making this factual determination, a layman must detect piracy without any aid or suggestion or critical analysis by others. The reaction of the public to the matter should be spontaneous and immediate." *Id.* at 398 (quotation marks and citations omitted).

The Court has considered Fraternity Collection's designs in Exhibit A alongside Fargnoli's designs in Exhibit B. It has given less weight to the fact that both designs contain the

specific letters, flowers, and other symbols used by a particular sorority, and more weight to the artistic expression by which the symbols are presented. That is because all sorority-themed products are likely to use a sorority's particular letters or symbols in order to achieve the associational purpose and idea inherent in the product.

In any event, it is evident that the competing designs have certain similarities. They both use sorority letters, flowers, symbols, and, in some cases, the name of the sorority spelled out. The competing designs also have a similar, "floating" look to them. That is, the letters and symbols appear to be floating or jumbled in space.

Despite the similarities, there are differences in both the design of the pockets and in what sorority-specific features are included. Whereas Fraternity Collection's designs are mostly two- and three-toned, Fargnoli's designs usually (but not always) leave the distinct impression of being monochrome even where there are in fact two colors buried in the design. Fraternity Collection's designs devote significant space to the year of the sorority's founding, but that is not a recurring element of Fargnoli's designs. Fraternity Collection's designs devote much more space to a sorority's symbol, while Fargnoli's devote more space to the sorority's flower. Finally, Fraternity Collection's designs have a "cleaner" look to them, which contrasts with Fargnoli's less precise, "hand painted" style.

It may be the case that Fraternity Collection's designs are similar, but not substantially similar, to Fargnoli's. But that is an awfully close call to make at this juncture. At what is essentially the summary judgment stage, fact disputes and close calls favor the non-movant – Fargnoli. If the "typical[]" case lets the jury decide the question of substantial similarity, the Court is hesitant to deviate from that instruction given the evident similarities between these two sets of designs. *Peel*, 238 F.3d at 395 (reversing district court and setting question of substantial

similarity for trial). It is unwilling to, today, hold that "no reasonable juror could find substantial similarity of ideas and expression" between the parties' designs. *Id.*

For these reasons, the plaintiff's motion is denied.

**SO ORDERED**, this the 31st day of March, 2015.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE